Morton J.
drew up the opinion of the Court. The demandant is clearly entitled to recover her dower, unless she is barred by the provision made for her in the will of Elijah Reed. In that is given to her a freehold estate in a part of the dwellinghouse of the deceased, and also certain personal property. The will contains no declaration of the testator’s intention, whether this was to be in lieu of, or in addition to the dower of his widow.
By St. 1783, c. 24, § 8, “ the widow, in all cases, may waive the provision made for her in the will of her deceased husband, and claim her dower, and have the same assigned her, in the same manner as though her husband had died intestate, in which case she shall receive no benefit from such provision, unless it appears by the will plainly, the testator’s intention to be in addition to her dower.” This is a material alteration of a rule of the common law applicable to this case. By that rule a devise or bequest to a widow is presumed to be in addition to her dower, unless it clearly appears that it was the intention of the testator that it should be in lieu of dower.
The wife has a legal interest in her husband’s estate, of which she cannot be divested without her own consent. After his death she is legally entitled to dower, unless by some act of her own during his lifetime she has barred her right or after his decease voluntarily relinquished that right. A bequest or devise is deemed a bounty, and not the payment or satisfaction of a pre-existing debt or obligation. A gratuity cannot extinguish a legal right. Hence the common law rule, that a donation in a will does not operate as an extinguishment of the right of dower; but is presumed to be a gratuity in addition to the existing legal right. But a donation may be made on a condition, and that condition may as well be the relinquishment of the right of dower, as the performance of any other act. *154 And if a donation in a will be made on the express condition that dower shall not be claimed, or if it clearly appear from the will, that it was the intention of the testator that the widow should not have both the donation and the dower, then the donation shall be taken to be in lieu of dower, and the widow cannot hold both. She may have her election. She cannot claim under the will and adversely to it. But she is not thereby divested of her right of dower, but may have her election between her dower and the provision made for her in the will.
By the clause of our statute just quoted, this presumption of law is reversed and the provision in the will is deemed to be in lieu of dower, unless it plainly appears that the testator intended it to be in addition to it.
In this case there is no express declaration that the testa mentary provision was intended to be in addition to dower; nor can any such intention be inferred from all the will taken together. The inadequacy of the provision alone will not justify such an inference.
The plaintiff must therefore take the devise and bequests in the will, unless she seasonably elected to waive them. The statute seems to presume an acceptance. There is some positive act to be done by the widow, indicating her election, before she can be entitled to dower. The demand required to be made thirty days before an action can be commenced, might be considered an election where no election had previously been made.
Within what time shall a widow be holden to waive the provision made for her in the will, or to be bound by it ? In New York, the widow shall be deemed to have elected to take the testamentary provision, unless she enters upon or commences a suit for her dower within one year after her husband’s death. In Virginia, she is allowed nine months, and in Vermont, only sixty days, in which to make her election. And on failure to do it, she is confined to her dower at common law. Our statute has not fixed any precise time for the election. But doubtless the widow would be holden to have accepted the testamentary provision unless she waived it in a reasonable time, that the settlement of the estate might be closed and distribution made among the heirs. What shall *155 be deemed a reasonable time, not being fixed by statute, cannot be accurately defined by any general rule, and need not now be discussed. For we are all of opinion, that under the circumstances of this case, the demandant is precluded from waiving the provisions of the will and claiming dower.
Fourteen years elapsed, after the probate of the will, before any demand of dower was made. During the whole of this time she occupied the real estate which was devised to her. The personal property bequeathed to her was received by her, and some of it has been disposed of by her. The benefit of the other provision in the will in her favor had been enjoyed by her. A decree of the probate court has been made, assigning to her by definite bounds that part of the real estate which was devised to her. And the whole estate has passed out of the hands of the original devisees. We think, after all this, it is too late for the widow to waive the provision made for her in the will, and claim her dower.
It is true that in equity the widow may sometimes be relieved from an improvident election. But this can only be done where some deception or fraud was practised upon her, or at least where she acted under an ignorance of the facts, or a misapprehension of her legal rights. But here is no evidence of any deception, or misapprehension, or even ignorance of the circumstances of the case. The plaintiff chose to regard and carry into effect the provisions and directions contained in he" husband’s will. No desire to avoid it on her part was known to exist till many years after the death of her husband, and not until the estate had passed from her family into the hands of strangers. We are entirely clear that she cannot now change her determination, waive the provisions of the will and claim her dower.[1]

 See Crane v. Crane, 17 Pick. 422; Delay v. Vinal, 1 Metc. 57; Thompson v. McGaw, ibid. 66. By Rev. Stat. c. 60, § 11, the widow is required to make her election within six months after the probate of the will.